UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEBORAH RENA ARNOLD,<br><br>Plaintiff,<br><br>v.<br><br>SUTTER VALLEY HOSPITALS dba SUTTER MEDICAL CENTER, SACRAMENTO, a California corporation; GUY RICE, an individual,<br><br>Defendants. | No. 2:17-cv-00543-JAM-CKD<br><br>**ORDER GRANTING DEFENDANT SUTTER MEDICAL CENTER, SACRAMENTO'S MOTION TO DISMISS** |

Plaintiff Deborah Rena Arnold sues Sutter Valley Hospitals dba Sutter Medical Center, Sacramento ("SMCS") and Guy Rice (collectively, "Defendants") after Defendant Rice kissed her without her consent. Second Am. Compl. ("SAC"), ECF No. 10-2. Defendant SMCS now moves to dismiss two of Plaintiff's claims. Mot., ECF No. 13. Plaintiff opposes. Opp'n, ECF No. 15. For reasons explained below, the Court grants Defendant SMCS's motion.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for June 20, 2017. In deciding this motion, the Court takes as true all well-pleaded facts in the operative complaint.

1

## I. BACKGROUND

Plaintiff and Defendant Rice are employees at SMCS. See SAC ¶¶ 3-4. In May 2016, Rice kissed Plaintiff, without her consent, while the two were working. See id. ¶ 8. Plaintiff reported the incident to Manvel Johnson, her co-worker. Id. ¶ 9. Johnson then informed supervisor Jesse Yablonovsky about this incident and other incidents in which Defendant Rice allegedly touched and massaged other nurses without their consent. Id. After learning about Rice's unconsented-to kiss with Plaintiff, Defendant SMCS suspended him for "several weeks." See id. ¶ 10.

Rice eventually returned, and when he did SMCS assigned him to the same work shifts as Plaintiff. See id. He "displayed a lack of professional support and hostility in working with [Plaintiff]" to "retaliat[e]" against her for "her initial complaint against him." See id. In August 2016, Plaintiff complained to supervisor Christina Walsh about the overlapping work shifts, highlighting Rice's "unprofessional, hostile[,] and menacing behavior." See id. ¶ 11. Three months later, Plaintiff filed an administrative complaint with the Department of Fair Employment and Housing ("DFEH"). See id. ¶ 12.

Despite Plaintiff's numerous complaints, she and Rice still worked the same shifts. Id. ¶ 13. One day, Rice "began to unnecessarily hover and linger around [Plaintiff]" to "menace [her] in retaliation of her complaints . . . ." Id. A few weeks later, Plaintiff met with Judy Lesh and Joyce De La Cruz to discuss this hovering incident "and the development and progression of [Plaintiff's] prior related complaints." See id. ¶ 14. Yet SMCS took "no remedial actions," so Rice continued

working the same shifts as Plaintiff. See id.

Infuriated by "SMCS's inaction," Plaintiff asked DFEH to issue a right-to-sue letter, see id. ¶ 15, and it did, id. ¶ 16. Plaintiff then filed this lawsuit,[2] bringing some claims against only SMCS, some against only Rice, and some against both Defendants. She sues SMCS for gender discrimination (claim one) and negligent infliction of emotional distress ("NIED") (claim four). See SAC at 5-6, 10-11. She sues Rice for intentional infliction of emotional distress ("IIED") (claim three) and battery (claim five). See id. at 9-12. And she sues both Defendants for sexual harassment and a hostile work environment (claim two). See id. at 6-9.

Now before this Court is SMCS's motion to dismiss Plaintiff's gender discrimination and NIED claims. See generally Mot.; Def.'s Mem., ECF No. 13-1.

## II. OPINION

### A. Gender Discrimination Claim

Plaintiff brings her gender discrimination claim against Defendant SMCS under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2, and California's Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12940. To establish a prima facie case for a gender discrimination claim under either Title VII or FEHA, a plaintiff must show (1) she belongs to a

---

[2] Plaintiff filed an original complaint, ECF No. 1, but soon after filed a first amended complaint, ECF No. 4. Having realized she sued the wrong defendant, Plaintiff requested leave to voluntarily dismiss the wrong defendant and to file a second amended complaint replacing it with Defendant SMCS. ECF No. 10. This Court issued an order granting Plaintiff's request. ECF No. 11.

protected class, (2) she was qualified for the position, (3) she suffered an adverse employment action, and (4) defendant treated similarly situated men more favorably. See Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1062 (9th Cir. 2002); Guz v. Bechtel Nat'l Inc., 24 Cal. 4th 317, 355 (2000) (applying same standard for FEHA discrimination claim).

Plaintiff alleges SMCS "discriminated against [her], in terms, conditions, and/or privileges of her employment on the basis of her sex or gender as a female by exposing her to harassment and requiring her to work in a hostile work environment" to which "her male counterparts are not subject." SAC ¶ 20.

The parties dispute whether Plaintiff properly pled this claim. SCMS argues Plaintiff has not, explaining she cannot plead an adverse employment action because SMCS did not fire, demote, or make a personnel management decision that adversely affected her. See Mem. at 6. Plaintiff maintains, however, she has stated a claim because SMCS gave her an adverse job assignment when it continued to assign Rice to her work shifts. See Opp'n at 6. Plaintiff adds Rice retaliated against her for reporting him and that such retaliation is protected activity. See id. at 8-9.

The Court finds that Plaintiff sufficiently pleads the first two elements. As a woman, SAC ¶ 8, she falls within a protected class, and she is qualified for her position as a registered nurse, as she performs competently, id. ¶ 7.

As for the third element, an adverse employment action, "[u]nder both Title VII and the FEHA . . . is one that

materially affects the compensation, terms, conditions or privileges of employment." Sanchez v. California, 90 F. Supp. 3d 1036, 1054 (E.D. Cal. 2015) (citing Chuang v. Univ. of California Davis, Bd. of Trs., 225 F.3d 1115, 1125 (9th Cir. 2000). Plaintiff asserts SMCS "created and maintained a hostile environment . . . by exposing her to unwelcomed sexual advances," SAC ¶ 20, and that, although SMCS suspended Rice for the unconsented-to kiss, SMCS continuously reassigned Rice to Plaintiff's work shifts, notwithstanding her numerous complaints about Rice's "unprofessional, hostile and menacing behavior," id. ¶¶ 10-11, 13.

The Court finds that Plaintiff sufficiently alleges facts to support this third element of her claim, i.e. she alleges SMCS kept assigning Rice to her work shifts, even after she told SMCS about Rice's continuous hostile and menacing behavior. See Alvarado v. Fed. Express Corp., No. C 04-0098 SI, 2008 WL 744819, at *1 (N.D. Cal. Mar. 18, 2008) ("schedule changes and job assignment could be 'materially adverse' depending on the context") (citing Burlington N. & Santa Fe Ry. Co. v. White, 548 U.S. 53, 67-69 (2006)).

But Plaintiff inadequately pleads the fourth element. She alleges SMCS "requir[ed] her to work in a hostile environment her male counterparts are not subject to." SAC ¶ 20. This single, conclusory allegation does not suffice. See ANA Maria Soares v. California, No. 2:16-00128 WBS EFB, 2016 WL 3519411, at *1, 4-5 (E.D. Cal. June 28, 2016) (allegation that "[s]imilarly situated male colleagues were treated more favorably than Plaintiff" or that "[m]ale colleagues were

allegedly not subject to similar treatment," are nothing more than "naked assertion[s] devoid of further factual enhancement") (internal quotations and citations omitted). Nor has she identified who at SMCS discriminated against her based on gender. See id. at *5 (complaint "fails to allege who was responsible for the [termination] decision").

Recognizing these flaws, Plaintiff, in her opposition, argues Rice retaliated against her for complaining about him and that such retaliation is protected activity. See Opp'n at 8-9. However, Plaintiff never alleges a retaliation claim, see generally SAC (not once citing Title VII's or FEHA's retaliation statutory provisions), so she cannot now add it in her opposition brief, see Arres v. City of Fresno, No. CV F 10-1628 LJO SMS, 2011 WL 284971, at *18 (E.D. Cal. Jan. 26, 2011) ("[A] complaint is judged based on its allegations, not new facts or claims raised in [a Rule 12(b)(6)] opposition.").

In sum, the Court finds Plaintiff fails to state a gender discrimination claim against Defendant SMCS. The Court, however, is not convinced there are no set of facts upon which Plaintiff could state such a claim and, so, dismisses it with leave to amend. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).

B.  NIED Claim

Plaintiff also sues Defendant SMCS for negligent infliction of emotional distress. "NIED is not an independent tort in California, but a subset of negligence." R. v. Nulick, No. 1:15-cv-01378-JAM-EPG, 2016 WL 2756738, at *6 (citing Burgess v. Superior Court, 2 Cal. 4th 1064, 1072 (1992) (elements include

duty, breach, causation, and damages)). Plaintiff alleges SMCS's "discriminatory conduct towards [her] in subjecting her to sexual harassment and a hostile work environment and invading her privacy was negligent." SAC ¶ 48. SMCS moves to dismiss this claim, arguing (1) Plaintiff cannot claim negligence because she alleges intentional discrimination, and (2) California's Workers' Compensation Act ("WCA") precludes her claim. See Mem. at 7-8.

The parties first dispute whether Plaintiff has stated a claim. SMCS argues that the basis for Plaintiff's NIED claim is SMCS's alleged discriminatory conduct, yet "discriminatory conduct, by its nature, is intentional, not negligent," and so "[o]ne cannot 'negligently discriminate' against another in a disparate treatment case like this one because discrimination requires proof of discriminatory motive." Id. at 7. Plaintiff disagrees. She argues SMCS's "failure to properly handle" her prior complaints and "allow[ing] Rice to work on the same schedules as [she]" comprise the basis for her NIED claim. See Opp'n at 11. In response, SMCS contends this argument contradicts the SAC, where Plaintiff cites as the basis for her claim SMCS's discriminatory conduct. See Reply, ECF No. 16, at 3.

The basis for Plaintiff's NIED claim is unclear. On the one hand, she identifies negligent conduct that fundamentally caused her harm. See SAC ¶ 36 ("SMCS has failed to exercise reasonable care to prevent and promptly correct any harassing behavior of Defendant Guy Rice and unreasonably failed to take preventive or corrective opportunities to avoid the harm caused by Defendant Guy Rice despite the numerous complaints of [Plaintiff], her co-

workers, and supervisors."). This alone would suffice. See Tu v. UCSD Med. Ctr., 201 F. Supp. 2d 1126, 1131 (S.D. Cal. 2002) (to state an NIED claim, a plaintiff "must point to negligent conduct that fundamentally caused the harm") (internal citation omitted).

On the other hand, Plaintiff identifies intentional conduct, see, e.g., SAC ¶ 35 (SMCS "intentionally and knowingly engaged in sexual harassment and/or created and maintained a hostile environment for plaintiff"), which does not suffice, see Rascon v. Diversified Maint. Sys., No. 1:13-CV-1578 AWI JLT, 2014 WL 1572554, at *10 (E.D. Cal. Apr. 17, 2014) ("[Defendant's] actions as described in the FAC appear to be intentional acts. As intentional acts, [Defendant's] acts are not negligent and cannot form the basis of an NIED claim."). Even Miller v. Fairchild Indus., Inc., a case Plaintiff cites, supports this conclusion. 797 F.2d 727, 738 (9th Cir. 1986) (explaining that "[e]vidence that [the employer] intentionally retaliated against [plaintiffs] would preclude an assertion that this same intentional action constituted negligence").

In fact, Plaintiff's key allegation underpinning her NIED claim—SMCS's "discriminatory conduct" in subjecting her to sexual harassment and a hostile work environment was negligent—is also problematic, as Plaintiff cites no authority showing discriminatory conduct is the kind of negligent conduct sufficient to state an NIED claim. Even after construing the allegations in Plaintiff's favor, this Court cannot overlook that the basis for Plaintiff's NIED claim contains allegations about intentional conduct, rendering her NIED claim defective. See

Rascon, 2014 WL 1572554 at *10 (citing Tu, 201 F. Supp. 2d at 1131). The Court dismisses it with leave to amend.[3]

### III. ORDER

For the reasons set forth above, the Court GRANTS Defendant SMCS's motion to dismiss WITH LEAVE TO AMEND.

If Plaintiff elects to amend her SAC, she shall file her third amended complaint within twenty days from the date of this Order. No new causes of action may be included in the third amended complaint. Defendants' responsive pleadings are due within twenty days thereafter.

But if Plaintiff elects not to amend her SAC, the case will proceed on the following remaining claims:

1. Plaintiff's sexual harassment and hostile work environment claim against both Defendants SMCS and Rice (claim two);

2. Plaintiff's IIED claim against Defendant Rice (claim three); and

3. Plaintiff's battery claim against Defendant Rice (claim five).

IT IS SO ORDERED.

Dated: August 2, 2017

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE

---

[3] The parties also dispute whether the WCA preempts Plaintiff's NIED claim. See Mem. at 7-8; Opp'n at 11-12. Given this dismissal, the Court need not discuss preemption.

9